UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
                                              :

MAMADOU BOCOUM NDOYE,         :

                                    :

                    Petitioner,       :                      

                                    :          25-CV-8856 (VSB)

        -against-            :

                                    :              **ORDER**

WILLIAM P. JOYCE, IN HIS OFFICAL    :
CAPACITY AS DEPUTY FIELD OFFICE    :
DIRECTOR OF NEW YORK,           :
IMMIGRATION AND CUSTOMS       :
ENFORCEMENT; KRISTI NOEM, IN HER :
OFFICIAL CAPACITY AS SECRETARY OF :
HOMELAND SECURITY; AND PAMELA  :
BONDI, IN HER OFFICIAL CAPACITY AS :
ATTORNEY GENERAL OF THE UNITED  :
STATES                               :

                                    :

                    Respondents. :

                                    :
----------------------------------------------------------- X

VERNON S. BRODERICK, United States District Judge:

On November 13, 2025 at 10:00 a.m., I held an Order to Show Cause Hearing in the Thurgood Marshall United States Courthouse, Courtroom 518, 40 Foley Square, New York, NY, 10007.  At the hearing, the Government agreed to file a supplemental declaration containing various items discussed during the hearing to facilitate the Court's ruling on this matter, (Tr. at 36:18-37:25), and on November 19, 2025, the Government filed a letter explaining that it would prepare and file a supplemental declaration by November 25, 2025.  (Doc. 18.)

On November 24, 2025, a request to file an amended petition was docketed, which was filed by petitioner on November 19, 2025.  (Doc. 19.)  "[A] habeas petitioner, like any civil litigant, is entitled to amend his petition."  *Zarvela v. Artuz*, 254 F.3d 374, 382 (2d Cir. 2001), *as*

*amended* (June 26, 2001), *as amended* (Aug. 17, 2001); *see also* 28 U.S.C.A. § 2242 ("[Petition] may be amended or supplemented as provided in the rules of procedure applicable to civil actions.")  This request did not attach the entire proposed amended petition, which was transmitted to the Court via email on November 18, 2025 from the e-mail address associated with the filing of the initial petition.  However, the filing that was entered on the docket did contain Petitioner's signature on the final page of the proposed amended petition.  (Doc. 19 at 3.)

Because Petitioner "did not file his amended petition prior to the Government filing its response brief" and "Rule 15(a)(1)(B) is inapplicable to habeas petitions because responsive pleadings are not required," Petitioner "may amend his petition only with the court's permission," pursuant to Federal Rule of Procedure 15(a)(2).  *See Argraves v. United States*, No. 3:11-CV-1421, 2013 WL 1856527, at *2 (D. Conn. May 2, 2013).  "The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "The 'only grounds on which denial of leave to amend has long been held proper are upon a showing of undue delay, bad faith, dilatory motive, or futility.'"  *Abellard v. King*, No. 24-CV-03719, 2025 WL 746022, at *2 (E.D.N.Y. Mar. 7, 2025) (quoting *Sacerdote v. New York Univ.*, 9 F.4th 95, 115 (2d Cir. 2021) (granting motion for leave to amend to *pro se* habeas petition who requested leave to amend nearly seven months after initial petition).  Here, the record does not evince any undue delay, bad faith, dilatory motive, or futility in permitting petitioner to amend his complaint.  A copy of the amended petition was also provided to the Court and Respondent's counsel during the hearing on November 10.  Petitioner is proceeding *pro se*, and the Petition was filed by a next friend, his wife, who had limited access to both the underlying facts of the case and the legal system.  (Doc.

1.) Therefore, I find that "justice so requires" and grant leave for Petitioner to file a amended petition.  Fed. R. Civ. P. 15(a)(2).

Petitioner is directed to file his amended petition on the docket.  Respondent shall file a supplemental response within two weeks of Petitioner's filing of the amended petition. Petitioner is not required to file a reply to the response, but may do so within one week of Respondent's supplemental response.

SO ORDERED.

Dated:    November 25, 2025
          New York, New York

_____
Vernon S. Broderick
United States District Judge