UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
MAMADOU BOCOUM NDOYE,                                        :
                                                            :
                                 Petitioner,                :
                                                            :        25-CV-8856 (VSB)
                -against-                                    :
                                                            :        **ORDER**
WILLIAM P. JOYCE, IN HIS OFFICAL                            :
CAPACITY AS DEPUTY FIELD OFFICE                             :
DIRECTOR OF NEW YORK,                                        :
IMMIGRATION AND CUSTOMS                                      :
ENFORCEMENT; KRISTI NOEM, IN HER                             :
OFFICIAL CAPACITY AS SECRETARY OF                            :
HOMELAND SECURITY; AND PAMELA                                :
BONDI, IN HER OFFICIAL CAPACITY AS                           :
ATTORNEY GENERAL OF THE UNITED                               :
STATES                                                       :
                                                            :
                                 Respondents.   :
                                                            :
------------------------------------------------------------ X

VERNON S. BRODERICK, United States District Judge:

On November 13, 2025 at 10:00 a.m. I held an Order to Show Cause Hearing in the

Thurgood Marshall United States Courthouse, Courtroom 518, 40 Foley Square, New York, NY,

10007.  At the hearing, the Government agreed to file a supplemental declaration containing

various items discussed during the hearing to facilitate the Court's ruling on this matter, (Tr. at

36:18-37:25).  At the hearing, I ordered that the supplemental declaration should include these

seven items:[1]

---

[1] "The Court has subject-matter jurisdiction to hear [Petitioner's] claim that the *manner* in which the Government revoked his order of supervision violated his constitutional rights," even when alien is subject to a final removal order. *E.M.M. v. Almodovar*, No. 25-CV-08212, 2025 WL 3077995, at *1 (S.D.N.Y. Nov. 4, 2025).  Therefore, the Government's suggestion at the Order to Show Cause Hearing that the Court "lacks jurisdiction to oversee facts or law" (Tr. at 23:15-24; 34:6-34:20), relating to Petitioner's detention under § 1231(a), (*see* Tr. at 15:9-21), is not well

1. The December 2009 Order of Supervised Release ("OSUP") and its conditions of release (Tr. 13:11-14:8);

2. Documents sufficient to show the revocation of the December 2009 OSUP on October 21, 2025, the official who issued that revocation, and any violation of a condition of release that served as a predicate for that revocation (Tr. 14:9-20; 15:22-16:2);

3. Who Officer Quizhpi spoke to about the arrest and detention of Petitioner and who Petitioner actually encountered on October 21, 2025 (Tr. 14:21-25);

4. The process underwent by the agency in arresting Petitioner, including how the agency determined Petitioner was subject to a final order of removal (Tr. 15:1-18);

5. Any code name associated with the field operation on October 21, 2025 that Petitioner was detained in connection with (Tr. 9:17-25);

6. Whether there were any people who refused to provide identification who were subject to detention in connection with the field operation on October 21, 2025 that Petitioner was detained in connection with (Tr. 27:3-6); and

7. Further elaboration on Para. 23 of the original Quizhpi declaration, which stated that "Mali will issue travel documents to its nationals who are in the United States," and Para 24, which stated that "ICE is unaware of any impediment to effectuating Ndoye's removal to Mali once it obtains travel documents, (Doc. 14.), to the extent relevant to my determination regarding the lawfulness of Petitioner's detention (Tr. 28:11-29:5).

---

taken. *See E.M.M.*, 2025 WL 3077995, at *6 (granting habeas relief to Petitioner when OSUP was improperly revoked).

2

On November 24, 2025, a request from Petitioner was entered on the docket to amend his petition. (Doc. 19.) On November 25, 2025, I granted that request for leave to amend the petition, setting a briefing schedule that provided the Government with two weeks to respond to the petition. (Doc. 20.) On November 25, 2025, Respondent submitted a supplemental declaration from Mincheol So, a Deportation Officer at U.S. Immigration and Customs Enforcement. (Doc. 21.) The Supplemental Declaration may be construed to cover items 4 & 7 above, but not it does not contain items 1–3, 5–6. When the Government responds to the amended petition, it shall file a supporting declaration that includes items 1–3, 5–6 above or an explanation concerning why such information and documentation is not being provided.

SO ORDERED.

Dated:      November 26, 2025
            New York, New York

Vernon S. Broderick
United States District Judge

3